```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

```
ISSAQUENA AND WARREN COUNTIES LAND
COMPANY, LLC; GARY K. BLAKENEY;
KENNETH D. BLAKENEY; EARNEST K.
BLAKENEY and ROSE C. BLAKENEY;
ROBERT D. AINSWORTH; PAM HALEY;
KEITH HAWSEY; TOMMY L. THRASH;
JOSH L. THRASH; MIKE SUTTON;
MICHAEL R. McTURNER and DONNA M.
McTURNER; ERVIN RAY and FAY RAY;
GARY RAY; HUGH J. PARKER and
CYNTHIA B. PARKER; JOEY HAVENS;
AND MARTY ELROD                                      PLAINTIFFS

VS.                       CIVIL ACTION NO. 5:07-cv-106(DCB)(JMR)

WARREN COUNTY, MISSISSIPPI BOARD
OF SUPERVISORS; PAW PAW ISLAND
LAND CO., INC.; JOHN LINDIGRIN;
PAUL E. WINFIELD; DAVID McDONALD;
WILLIAM H. BANKS, JR.; CHARLES
SELMON; CARL FLANDERS; RICHARD
GEORGE; W. RICHARD JOHNSON; JOSEPH
G. STRICKLAND; AND JOHN DOES 1-100                    DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Joseph G. Strickland's motion to dismiss **(docket entry 14)**; defendants John Lindigrin and Paw Paw Island Land Co., Inc. ("PPILC")'s motion to dismiss **(docket entry 19)**; defendants Warren County Board of Supervisors, et al.'s motion to dismiss **(docket entry 56)**; and the plaintiffs' motion to amend their complaint **(docket entry 46)**. Also before the Court are the plaintiffs' motion to strike defendant Strickland's motion to dismiss **(docket entry 23)**; motion to strike defendants PPILC and Lindigrin's answer **(docket entry**

**27);** and motion to strike defendants PPILC and Lindigrin's motion to dismiss **(docket entry 29).**  Motions for sanctions have been filed by defendants Strickland **(docket entry 33),** PPILC and Lindigrin **(docket entry 34),** and Warren County Board of Supervisors, et al. **(docket entry 68).**  Motions to stay discovery have been filed by defendants PPILC and Lindigrin **(docket entry 71)** and Warren County Board of Supervisors, et al. **(Docket entry 73).**  Having carefully considered the motions and responses, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

The plaintiffs allege that they are the owners of certain property in Warren County, Mississippi, which they purchased from Anderson Tully Company in 2002.  The property lies partially under a body of water known as Paw-Paw Chute, which rises and falls with the Mississippi River and provides and/or impedes, depending on the water level, access to Paw-Paw Island, an island located in Madison Parish, Louisiana, and owned by defendant Paw Paw Island Land Co., Inc. ("PPILC").  The means of access is by a road known as Paw-Paw Road which begins at Highway 465 in Warren County and runs across the plaintiffs' property.  The plaintiffs claim the right to the road which runs across their property exclusive of any easements.  Compl., ¶ 39.

On May 14, 2004, defendant PPILC filed an action in the Chancery Court of Warren County seeking confirmation of a purported

easement by prescription over the disputed roadway.  Compl., ¶ 40.  The plaintiffs contend that Warren County and the remaining defendants entered into an illicit partnership, agreement and enterprise whereby County involvement in the private dispute would be used to force the plaintiffs to convey an interest in the Warren County property to PPILC.  On July 21, 2005, Warren County sent the plaintiffs a letter demanding removal of a gate from the road and asserting that the roadway was a "public" road.  The plaintiffs thereupon filed an action for declaratory and injunctive relief in the Chancery Court of Warren County, which action was consolidated with the PPILC action.  Compl., ¶ 41.

 The Complaint further alleges that defendant Strickland was instructed by other defendants to trespass on the plaintiffs' land for the purpose of investigating any basis for alleging criminal charges against the plaintiffs, and that criminal charges were in fact initiated against the plaintiffs by the defendants on or about March 2, 2006.  Compl., ¶ 42.  The plaintiffs allege that the defendants advised them that if they would settle the Chancery Court action with PPILC, the criminal charges would be dropped.  Compl., ¶ 43.  The Complaint states that despite their good faith efforts to determine the basis for the criminal charges and to comply with all applicable County ordinances, the plaintiffs were served with summonses in the criminal action in December 2006 and January 2007.  The plaintiffs allege that the criminal charges were

without probable cause, were groundless, and were instituted for the purpose of threatening and harassing the plaintiffs in order to extort a settlement of the Chancery Court action in PPILC's favor. Compl., ¶¶ 44-45.

In Count 1 of their Complaint, the plaintiffs assert a claim under the Fourth Amendment against defendant Warren County, through its Board of Supervisors, alleging that it directed and/or caused the plaintiffs' private property to be searched by its agent, partner and co-conspirator, defendant Strickland, without the consent of the plaintiffs, for the purpose of gathering evidence to be used against the plaintiffs in a criminal prosecution.

Count 2 alleges a due process deprivation by Warren County of the plaintiffs' property interests, including the right to own real property and the right to control and exclude others from use of their real property.

Counts 4 through 8 are brought against the remaining defendants. Count 4 alleges constitutional claims, on the basis that the defendants were state actors themselves or acted in concert with defendant Warren County to the extent that their actions constituted state actions. The defendants are alleged to have conspired to deprive the plaintiffs of equal protection of the law, their right to be free from unreasonable searches and seizures, and their right to due process, by (1) authorizing, directing, and/or conducting illegal and warrantless searches of

the plaintiffs' property, and (2) authorizing and/or directing the filing of baseless criminal charges against the plaintiffs for the wrongful and illicit purpose of extorting a favorable settlement from the plaintiffs in the Chancery Court action.

Count 5 asserts a civil RICO claim.  The plaintiffs allege that the defendants, in furtherance of a RICO enterprise, engaged and conspired together in a pattern of racketeering activity, *i.e.*, sought to obtain valuable rights in property owned by the plaintiffs through threatening communications, influences, and endeavors.  The Complaint alleges that the defendants on numerous occasions since August 2005 have sought to obtain valuable rights in property owned by the plaintiffs by attempting to induce their consent to convey said rights through the wrongful use of actual or threatened force or fear, under color of official right, amounting to extortion under 18 U.S.C. § 1951, and constituting a pattern of racketeering activity.

Count 6 alleges a civil conspiracy, asserting that the defendants combined their efforts for the unlawful purpose of forcing the plaintiffs to relinquish their property interests and for the unlawful purpose of circumventing the authority of the Chancery Court of Warren County.  The defendants are alleged to have sought to achieve said purpose by harassment, oppression, trespass, invasion of privacy, and violation of the plaintiffs' constitutional rights.

Count 7 alleges abuse of process, i.e., that the defendants made an illegal and improper use of criminal summonses served upon the plaintiffs for the improper purposes of retaliation and/or forcing a settlement in the Chancery Court action.

Count 8 alleges malicious prosecution, i.e., that the defendants instituted, or insisted on the institution of, criminal proceedings against the plaintiffs, which have terminated in the plaintiffs' favor, implying a lack of reasonable grounds for the prosecution.

In their motion to amend their complaint pursuant to Fed.R.Civ.P. 15, the plaintiffs state that they wish to delete the obstruction of justice allegations under 18 U.S.C. § 1503 as a basis for their civil RICO claim. Mtn. to Amend, ¶ 1. They also state that they wish to add certain additional facts that "were either unclear or inadvertently omitted from the original Complaint and RICO Statement." Id., ¶ 2. Federal Rule of Civil Procedure 15(a) requires that leave to amend "shall be freely given where justice so requires." The Fifth Circuit has closely adhered to this rule. See e.g., Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996)("A decision to grant leave is within the discretion of the court, although if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial."); Robertson v. Plano City of Texas, 70 F.3d 21, 22 (5th Cir. 1995)("leave to amend complaint should be granted liberally"). In

exercising its discretion to grant or deny leave to amend, a court may consider (1) undue delay; (2) bad faith; (3) dilatory motive; (4) prejudice to the other party; and (5) the futility of the proposed amendments. Rolf, 77 F.3d at 828. However, "[e]ven if substantial reason to deny leave to amend exists, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave." Jamieson v. Shaw, 772 F.2d 1205, 1209 (5th Cir. 1985)(citing Union Planters Nat'l Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir. 1982)).

The Court finds that there is no undue delay, since the motion was filed well in advance of the deadline for amending the pleadings. Nor does the Court find any bad faith or dilatory motive on the part of the plaintiffs. The defendants suggest that they will suffer prejudice because they will have to file amended answers and additional motions; however, that would be the case with any amendment, and the Court finds no undue prejudice occasioned thereby.

The defendants also argue that the amendment would be futile since the plaintiffs' complaint should be dismissed for failure to state a claim under Fed.R.Civ.P. 12(b)(6). "'Futility' in the context of a Rule 15 motion to amend means that the proposed 'amended complaint would fail to state a claim upon which relief could be granted.'" Bradley v. Phillips Petroleum Co., 527 F.Supp.2d 661, 671 (S.D. Tex. 2007)(quoting Stripling v. Jordan

Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000)).  To determine futility, a district court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Stripling, 527 F.Supp.2d at 873.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 725 (5th Cir. 2002).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  Id.  A claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief."  Power Entm't, Inc. v. Nat'l Football League Prop., Inc., 151 F.3d 247, 249 (5th Cir. 1998).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  However, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007).  The United States Supreme Court has made clear that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65 (2007)(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations

must be enough to raise a right to relief above the speculative level." Id. at 1965. Nevertheless, a pleading "need not specify in exact detail every possible theory of recovery – it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Thrift v. Estate of Hubbard, 44 F.3d 348, 356 (5th Cir. 1995)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The defendants assert that the plaintiffs have not sufficiently pleaded a claim for relief under the civil RICO statute. To prevail on their civil RICO claim, the plaintiffs must show that they are "person[s] injured in [their] business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964. Section 1962(c) makes it a crime for "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." RICO defines "racketeering activity" to include "any act which is indictable under" the Hobbs Act as well as "any act or threat involving ... extortion ... which is chargeable under State law and punishable by imprisonment for more than one year." § 1961(1)(A)-(B). The Hobbs Act criminalizes interference with interstate commerce by extortion, along with attempts or conspiracies. § 1951(a). Extortion is defined as "the obtaining of

9

property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." § 1951(b)(2).

The Fifth Circuit has held that to state a RICO claim under § 1962, "there must be '(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 439 (5th Cir. 2000)(quoting Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th Cir. 1988)). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." Id. at 441.

In this case, the plaintiffs have identified PPILC, a business engaged in the interstate sale of timber, as the RICO enterprise. The conduct alleged is "the efforts of PPILC, through the efforts of its officer, Lindigrin, its agents and conspirators, to wrongfully obtain property from the plaintiffs for the purpose of securing an instrumentality of interstate commerce for the movement and sale of its timber across state lines." Pl.'s Resp. to Mtn. to Dism. of PPILC and Lindigrin, p. 3. The plaintiffs allege that the "conduct is being carried out through a pattern of threats, intimidation and threatened force and actual improper use of official right by the RICO co-conspirators, all of which are county

officials or agents thereof." Id. "These have been repeated over a period of years with the express promise of continuing indefinitely into the future." Id.

A RICO "person" is defined by § 1961(3) to include "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). The Fifth Circuit has stated that "the RICO person must be one that either poses or has posed a continuous threat of engaging in acts of racketeering." Crowe v. Henry, 434 F.3d 198, 204 (5th Cir. 1995). In "most cases, pleading the existence of a 'pattern of racketeering activity' will supply this element of continuity to the RICO person." Delta Truck & Tractor, Inc. v. J.I. Care Co., 855 F.2d 241, 242 (5th Cir. 1988). A "pattern of racketeering activity" requires a showing "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone Co., 429 U.S. 229, 239 (1989). Proof of multiple schemes is not required, but may be relevant to establishing continuity. Id. at 240-41.

The defendants assert that there was no "enterprise," that they have committed no "predicate acts" under the meaning of the statute, that any supposed predicate acts are not alleged with sufficient particularity, and that no "pattern of racketeering activity" has been established. However, the proposed amended complaint describes the precise role and function of each

11

defendant, and the alleged enterprise, and describes the enterprise as ongoing. Given that there is no mechanical test for determining the existence of a RICO pattern, it appears that the complaint sufficiently describes a pattern of activity that "pose[s] a threat of continued criminal activity." Id. at 239.

On a Rule 12(b)(6) motion, the Court must concern itself solely with what the plaintiffs allege. Because the plaintiffs must be given the benefit of every reasonable doubt, and because their proposed amended complaint pleads the necessary elements of a civil RICO claim, the Court cannot conclude that the pleading fails to state a claim upon which relief can be granted; thus, the court cannot conclude that the plaintiffs' proposed amendment would be futile.

Essentially, the issues raised by the defendants, which also include whether the alleged enterprise was engaged in interstate commerce, and whether the plaintiffs were in fact in violation of the County's subdivision and flood ordinances, go to whether the plaintiffs will be able to establish particular facts they have alleged. It may be that the plaintiffs will be unable to do so; however, at this stage, the Court must accept the pleadings as true.

The Court finds that the plaintiffs have stated a claim upon which relief can be granted under the civil RICO statute. The Court further finds that, given the nature of the claims, the

pleadings are sufficiently clear.  The defendants' motions raise issues that may be properly considered at the summary judgment stage.

The defendants also contend that the plaintiffs have failed to state a cause of action for violation of constitutional rights in that they have inadequately pleaded their Fourth Amendment and due process claims.  The defendants claim that the plaintiffs had no reasonable expectation of privacy, that they have not established that they have a protectable property interest in the roadway, and that they have not shown that the defendants were acting "under color of state law."  Again, the Court finds that these issues are better suited for a motion for summary judgment, and do not demonstrate that the pleading fail to state a claim upon which relief can be granted or that the plaintiffs' proposed amendment would be futile.

The Court finds that the plaintiffs have met "the low threshold" by which the Court is to evaluate a Rule 12(b)(6) motion, and that the plaintiffs have adduced sufficient facts supporting their claims in order to survive dismissal.  See Stripling, 234 F.3d at 873.  See also Holoway v. Triola, 1997 WL 791472, *2 (E.D. La. Dec. 22, 1997)("Courts have held that there is a substantial burden on the objecting party to show the futility of a proposed amendment, a burden not met by defendants in this case.").  The plaintiffs' motion to amend shall therefore be

granted, and the motions to dismiss denied.

Inasmuch as the motion to amend the complaint is granted, and the motions to dismiss are denied, the Court finds that the defendants' motions for sanctions, the plaintiffs' motions to strike, and the defendants' motions to stay discovery shall be denied as well.  Accordingly,

IT IS HEREBY ORDERED that the plaintiffs' motion to amend their complaint **(docket entry 46)** is GRANTED;

FURTHER ORDERED that defendant Joseph G. Strickland's motion to dismiss **(docket entry 14);** defendants John Lindigrin and Paw Paw Island Land Co., Inc. ("PPILC")'s motion to dismiss **(docket entry 19);** and defendants Warren County Board of Supervisors, et al.'s motion to dismiss **(docket entry 56)** are DENIED;

FURTHER ORDERED that the plaintiffs' motion to strike defendant Strickland's motion to dismiss **(docket entry 23);** motion to strike defendants PPILC and Lindigrin's answer **(docket entry 27);** and motion to strike defendants PPILC and Lindigrin's motion to dismiss **(docket entry 29)** are DENIED;

FURTHER ORDERED that the motions for sanctions filed by defendants Strickland **(docket entry 33)**, PPILC and Lindigrin **(docket entry 34)**, and Warren County Board of Supervisors, et al. **(docket entry 68)** are DENIED;

FURTHER ORDERED that the motions to stay discovery filed by

defendants PPILC and Lindigrin **(docket entry 71),** and Warren County Board of Supervisors, et al. **(Docket entry 73)** are DENIED.

SO ORDERED, this the __28th__ day of March, 2008.

                                                 s/ David Bramlette
                                       UNITED STATES DISTRICT JUDGE