IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ISSAQUENA AND WARREN COUNTIES**                                          **PLAINTIFFS**
**LAND COMPANY, LLC.,ET AL**

**VS**                                             **CIVIL ACTION NO. 5:07-cv-106-DCB-JMR**

**WARREN COUNTY , MISSISSIPPI**
**BOARD OF SUPERVISORS, et al**                                            **DEFENDANTS**

## ORDER

This matter is before the Court upon Motions of Defendants, Warren County, Mississippi Board of Supervisors, David Mc Donald, William Banks, Jr, Charles Selmon, Carl Flanders, Richard George, W. Richard Johnson, Paul Winfield (hereinafter referred to as the "Warren County Defendants") and Paw Paw Island Land Co., Inc. to Disqualify Counsel for the Plaintiffs [352]; to Supplement and Amend Pleadings [493, 534]; Motion for Leave to Amend Answer [423]; for Reconsideration of Order of Miscellaneous Relief [364]; for Review of Magistrate Judge Order [397]; for Review of Magistrate Judge's Text Order [383]; Second Motion for Protective Order [399]; and to Strike Motion [444] to Compel [468]; Motion for Protective Order [404]; Motion to Compel Responses to Discovery [230]; and the Plaintiff's Motions to Compel [ 438-446].

**I.**

This action was filed by Plaintiffs on May 18, 2007. In their Complaint [1], Plaintiffs allege that actions taken by the Defendants violated their rights under the Fourth, Fifth and Fourteenth Amendments. Plaintiffs also assert a civil RICO claim, a civil conspiracy claim, abuse of process and malicious prosecution against all Defendants. In Count 10, Plaintiffs allege Misuse of Public Funds against Defendants McDonald, Banks, Selmon, Flanders, George and Johnson.

These allegations stem from a prior action filed in Chancery Court of Warren County, Mississippi. In that action, Paw Paw Defendants in this case asserted ownership of a prescriptive easement over a road, a parking area and a boat launch located on the property owned by Plaintiff Issaquena and Warren County Land Company, LLC ("IWCLC") and allegedly used by Paw Paw's predecessors in title. In that same action, the Warren County Defendants asserted that the same road was a public road. On September 12, 2008, the Chancery Court determined that the Paw Paw Defendants did not have a prescriptive easement and that the portion of the road on IWCLC property was not public.

On September 15, 2009, this Court stayed this matter by Order [488] in deference to a determination by the Mississippi Supreme Court on the appeals filed by Paw Paw and Warren County Defendants. In a unanimous decision dated November 10, 2010, the Mississippi Supreme Court affirmed the Chancellor's findings. *Paw Paw Island Land, Co. v. Issaquena & Warren Cntys. Land Co.*, 917 So. 3d 916 (Miss. 2010), *reh'g denied,* Feb. 3, 2011.

A hearing was held on September 7, 2011 before Judges Bramlette and Roper, wherein the parties were asked to present and argue their relative positions regarding pending discovery motion and dispositive motions.

## II.

With regard to the non-dispositive pending motions, Warren County Defendants filed a Motion [352] to Disqualify Counsel on June 9, 2009 which is joined by Defendant Joseph Strickland June 10, 2009. At the hearing held September 7, 2011, Plaintiffs indicated that the attorney in question, Mark D. Hebert, was not going to participate at trial rendering the Defendants' Motion [352] to Disqualify moot. As a result, the motion is denied without prejudice to be re-urged if circumstances change.

### III.

The Court finds Defendant Paw Paw Island Land Co.'s Motion [493] to Supplement or Amend Pleadings and Second Motion [534] to Supplement or Amend Pleadings should be granted. In its motion, the Defendant seeks to supplement or amend its pleadings to include two claims: (1) a right to easement by necessity; or, in the alternative, (2) a right to private condemnation of a permanent easement over a private road.

A supplemental pleading may bring in new claims when the subsequent allegations stem from the original cause of action. When determining whether to allow supplementation under Rule 15(d), a court must weigh several factors: (1) undue delay, bad faith or dilatory motive on part of the movant; (2) undue prejudice to the opposing party; and (3) futility. *See Chemetron Corp. V. Bus. Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir. 1982), *vacated on unrelated grounds by* 460 U.S. 1007 (1983).

The Court finds that the change in the Defendant's position as a result of the events of the past year- the final decision by the Mississippi Supreme Court, the expiration of the agreement between the parties allowing access to the island, the Mississippi Supreme Court's finding that the island is land and water locked, and the recent purchase of additional land from Anderson Tulley Land Co.- are sufficient to justify allowing the Defendant to supplement their pleadings. As these recent events led to the accrual of this claim, there is no undue delay. Neither has any evidence been put before the Court that this motion was the result of bad faith or a dilatory motive. As this matter is not currently set for trial, the Plaintiffs are not prejudiced by the supplement. Last, and importantly, the Court finds that the Defendant has made a sufficient showing that the claim is not futile to allow supplementation.

Accordingly, the Defendant's Motion to Supplement Pleadings is granted. The Court notes that this finding in no way precludes the Plaintiffs from asserting their claims regarding jurisdiction,

res judicata, statue of limitations, comity or any other issue through appropriate dispositive motions. The Defendant is given seven (7) days from entry of this Order to file the Supplemental Pleading with the Clerk of Court.

## IV.

In Defendant Paw Paw Island Land Co.'s Motion [423] for Leave to Amend Answer, the Defendant seeks to amend its Answer so as to assert an additional affirmative defense grounded in the *Noerr-Pennington* doctrine and the First Amendment.

When seeking to amend pleadings after a scheduling order's deadline to amend has expired, a party must first meet Rule 16(b)'s good cause requirement before the Court may allow amendment under the more liberal standards of Rule 15(a). Good cause showings are evaluated using four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Fahim v. Marriott Hotel Services*, 551 F.3d 344, 348 (5th Cir. 2008). In making its determination on "good cause" this Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Id.* (citing *Southwestern Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003).

Having considered all these factors, the Court concludes that the Defendant has shown good cause for allowing amendment of its Answer. The first factor does weigh in favor of the Plaintiffs; though the Defendant does not admit the delay was due to oversight or delay, the explanation is not a very strong one. Despite the Defendant's weakness in the first factor, the remaining three weigh distinctly in its favor. The Defendant's proposed amendment is an important claim; it is an affirmative defense grounded in First Amendment rights that could potentially dispose of the Plaintiff's claims

against them. Any prejudice, if there be any at all, would be minimal. There has been extensive discovery in this matter, and this particular defense is predicated upon the same facts as those underlying Plaintiff's claims: that some parties allegedly informed officials of another's actions that violated the law. As the case is not currently set for trial, the Plaintiffs will have ample time to prepare for this defense. Last, because there is no trial date, there is no issue with a continuance.

As the Defendant has established good cause satisfying Rule 16(b), the Court will move on to a Rule 15(a) analysis. Leave to amend under Rule 15(a) is usually granted liberally unless the movant has acted in bad faith, if granting the motion would cause prejudice, or the amendment would be futile. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009). Courts may also consider judicial efficiency and effective case management. *Id.* Here, there is no evidence of improper motive by the Defendant. The Defendant has also made a sufficient showing of its defense to surpass a bar of futility. The Court finds that no prejudice will befall the Plaintiffs upon granting leave to amend. It is important to note, that even though the Defendant's claim is not futile, Plaintiffs may certainly respond to this defense again through proper motion,

Accordingly, Defendants Paw Paw Island Land Co.'s Motion for Leave to Amend Answer is granted.

### V.

The next matter that comes before the Court is Plaintiffs' Motion for Reconsideration of the Order for Miscellaneous Relief [364] and the Motion for Review of Magistrate Judge Order [397] . At the hearing, the Court found that these motions should be granted in part and denied in part. Plaintiffs seek to have the Court reconsider its Order of June 9, 2009 with regard to the Warren County Defendants Motion to Permit for Entry on the Land [278] and Motion to Compel Entry on the Land [ 310 ] .

On April 30,2009, the Warren County Defendants filed a Request to Permit Entry Upon the Land pursuant to Rule 34(a)(2). The request was filed with the Court as a Motion [278] on April 30, 2009. Plaintiffs did not file an objection to the Motion [278] to Permit Entry on the Land or seek to have the motion withdrawn. Thus, the Court granted this as unopposed motion pursuant to Rule 7.2(C)(2) of the Uniform Rules of this Court. Unbeknownst to the Court, Defendants received an indication from the Plaintiffs that they objected to the request. Defendants filed a Motion [310] to Compel on May 29,2009. The Court viewed the second request as repetitive and in a Text Order granted the motion and found that the inspection must occur prior to July 3,2009. The Court finds that the Defendants may inspect the portions of the property at issue in this suit for the purpose of allowing experts to complete their reports and to allow Defendants to measure, survey and photograph as necessary on or prior to January 16, 2012.

## VI.

The Court finds that Defendant Warren County's Second Motion for Protective Order [399] and Motion for Review of Magistrate Judge TEXT ORDER [383] should be denied.

On May 13, 2009, Plaintiffs served notice of the 30 (b)(6) deposition of the Defendant Warren County. [288]. In response, Warren County filed a Motion for Protective Order [311]. On June 9, 2009, the Court entered an Order allowing the 30 (B)(6) deposition to proceed. Defendant, Warren County filed an Objection to the Order and Filed an Appeal of the Order. [383]. On June 16, 2009, Plaintiffs re-noticed the aforementioned deposition for Sunday, June 28,2009 at 9:00a.m. Defendant filed a Second Motion for Protective Order with regard to the re-notice of the deposition.

Defendant alleges that Plaintiffs have already taken the depositions of three members of the Warren County Board of Supervisors, the board attorney and the county prosecuting attorney. Defendant asserts that the other two supervisors depositions are also noticed. Defendants submits that

the only people knowledgeable about the issues presented in the 30 (B)(6) deposition notice have already been deposed so this deposition is cumulative of depositions already taken. The Court found that Plaintiffs have a right to take the 30 (B)(6) deposition of the Defendant, Warren County even if these individual's depositions would be repetitive, their testimony was not in the same capacity with regard to the 30(B)(6) deposition.

## VII.

Defendant Paw Paw Island Land Co., Inc.'s Motion for Protective Order requests the Court to prohibit the Plaintiffs from taking the deposition of R.E. Parker, Jr., counsel for the Defendant. [ 404].

Courts in the Fifth Circuit generally disfavor deposing opposing counsel. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999); *Nat'l Union Fire Ins. Co. v. Blasio*, 2007 WL 2406983 *2 (N.D. Miss. 2007). As a result, depositions of opposing counsel are permitted in only the most limited of circumstances. *Nguyen v. Excel Corp.*, 197 F.3d 200, 208-09 (5th Cir. 1999). Though this Circuit has not formally adopted the Eighth Circuit's *Shelton* guidelines for determining when depositions of opposing counsel are appropriate, they are commonly used as a guideline in such an analysis. *See Id.*; *Theriot*, 185 F.3d at 491; *Nat'l Union Fire Ins. Co.*, 2007 WL *2. A *Shelton* analysis examines three factors: (1) whether other means exist to obtain the information; (2) if the information sought is relevant and non-privileged; and (3) if the information is crucial to the preparation of the case. *Nguyen*, 197 F.3d at 208 (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). If a party can satisfy all three factors, a deposition of the opposing counsel may be appropriate.

The Plaintiffs contend that "whether R.E. Parker instructed Defendant Winfield to pursue and prosecute the Plaintiffs on criminal charges is central" to their claims. In order to gather evidence to support this claim, the Plaintiffs seek to depose of R.E. Parker. Therefore this Court considers whether, despite the expressed disfavor of deposing opposite counsel and limited situations in which it may be

granted, Plaintiffs should be permitted to depose R.E. Parker, counsel for Defendant.

The evidence sought is certainly relevant. However, there clearly are other means by which Plaintiffs can gather information underlying their claim. The information sought, whether a communication was made from party to another, is inherently not limited to one person or party. To this date, Plaintiffs have deposed Defendant Winfield, the party alleged to have received the influential instruction of R.E. Parker. In addition, Plaintiffs have deposed the county prosecuting attorney Richard Johnson and three co-defendant members of the Warren County Board of Supervisors, David McDonald, Richard George, and Carl Flanders. Plaintiffs have been free to seek information with regard to this claim from other defendants and parties, including Co-Defendant members of the Board of Supervisors as well as other county and board officials, under methods available in the Federal Rules of Civil Procedure.

As this information is available through other means, this Court does not find that information from R.E. Parker is crucial to the preparation of the case. Certainly, it would aid in preparation and would benefit the Plaintiffs' case, but there is no evidence that the information sought is crucial to preparation of the case. Additionally, the Plaintiffs stake their right to dispose opposing counsel on the mere fact that R.E. Parker is an important part of their allegations and is a potential witness in this case. Plaintiffs have provided nothing but these conclusory assertions that they are entitled to depose opposing counsel, a practice the Fifth Circuit disfavors. Thus, the Court finds the Motion for Protective Order is granted.

## VIII.

As to the Motion to Compel Responses to Discovery filed by Defendants Warren County,

Warren county, Mississippi Board of Supervisors, Winfield, McDonald, Banks, Selmon, Flanders, George and Jonson[230], the Court finds that the Motion should be denied. Issues of discovery "are entrusted to the sound discretion" of the lower courts. *See Sirls v. Poppell*, 212 F.3d 596 (5th Cir. 2000)(citing *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990)). Local Rule 7.2(B)(2), applicable at the time Defendants filed the motion at hand, dictates that "discovery motions must be filed sufficiently in advance of the discovery deadline so as to not affect the deadline." Furthermore, Rule 26.1(B)(2) states that "counsel must initiate discovery requests . . . sufficiently in advance of the discovery cut-off date . . ." The Warren County Defendants served their First Consolidated Discovery Requests on April 9, 2008. Plaintiffs' Response to First Consolidated Discovery Requests Propounded by Warren County were served on June 2, 2008. On October 22, 2008, counsel for the Warren County Defendants sent to counsel for Plaintiffs a letter and a Proposed Motion to Compel Responses to Discovery. In response to that letter, counsel for Plaintiffs stated an intention to supplement Plaintiffs' discovery responses; Plaintiffs served the supplemental responses on February 5, 2009. This motion to compel was not filed until April 24, 2009, near the end of the discovery deadline. With these rules as a guide, the Court, in its discretion, finds that Defendants' motion to compel was not filed sufficiently in advance to allow adequate response, rebuttal, careful disposition by this Court and action thereon before the June 1, 2009 deadline. Accordingly, Defendants' Motion to Compel Responses to Discovery is denied.

## IX.

The last matter comes before the court on Plaintiff's Motions [438-446] to Compel filed July 14, 2011 and Defendants' Motion [468] to Strike Plaintiffs' Motions to Compel. The Court finds that Plaintiffs motions should be denied as untimely thereby rendering the Defendants' motion moot. The Court once more notes that issues of discovery "are entrusted to the sound discretion" of the lower

courts. *Sirls*, 212 F.3d at 596. Local Rule 7(b)(2)(B) states, "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order before the discovery deadline."

Though the discovery deadline was extended by text only order dated June 9, 2009, it was extended only for the purpose to allow for depositions set prior to the discovery deadline and of any expert designated before June 15, 2009. As the discovery deadline expired June 1, 2009, the Court finds these Motions to Compel filed July 14, 2009 should be denied as untimely. *See Applewhite v. United States*, 2008 WL 4539625 *2 (S.D. Miss. 2008). Accordingly, Defendants' Motion [468] to Strike is moot. It is therefore,

**ORDERED** that the Motion [352] to Disqualify is denied without prejudice. It is further,

**ORDERED** that the Motion [493] to Supplement or Amend Pleadings and Second Motion [534] to Supplement and Amend pleadings is granted. The Defendant Paw Paw Land Co., Inc. shall file its supplemental pleading within seven (7) days of entry of this Order with the Clerk of Court. It is further,

**ORDERED** that the Motion [423] for Leave to Amend Answer is granted. It is further,

**ORDERED** that the Motion [364] for Reconsideration of the Order for Miscellaneous Relief and Motion [397] for Review of Magistrate Order are granted in part and denied in part. The Court finds that the Defendants may inspect portions of the property at issue in this suit for the purpose of allowing experts to complete their reports and allow Defendants to measure, survey and photograph as necessary on or prior to January 16, 2012. It is further,

**ORDERED** that the Second Motion [399] for Protective Order and Motion [383] for Review of Magistrate Judge TEXT ORDER are denied. It is further,

**ORDERED** that the Motion [404] for Protective Order is granted. It is further,

**ORDERED** that the Motion [230] to Compel Responses to Discovery is denied. It is further,

**ORDERED** that the Motions [438, 39, 40, 41, 42, 43, 44, 45, 46] to Compel are denied and the Motion [468] to Strike is moot.

SO ORDERED this the  7th  day of December, 2011.


                                            s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE