IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ISSAQUENA AND WARREN COUNTIES**                        **PLAINTIFFS**
**LAND COMPANY, LLC.,ET AL**

**VS**                        **CIVIL ACTION NO. 5:07-cv-106-DCB-JMR**

**WARREN COUNTY , MISSISSIPPI**
**BOARD OF SUPERVISORS, et al**                        **DEFENDANTS**

## ORDER

This action was filed by Plaintiffs on May 18, 2007. In their Complaint [1], Plaintiffs allege that actions taken by the Defendants violated their rights under the Fourth, Fifth and Fourteenth Amendments. Plaintiffs also assert a civil RICO claim, a civil conspiracy claim, abuse of process and malicious prosecution against all Defendants. In Count 10, Plaintiffs allege Misuse of Public Funds against Defendants McDonald, Banks, Selmon, Flanders, George and Johnson.

These allegations stem from a prior action filed in Chancery Court of Warren County, Mississippi. In that action, Paw Paw Defendants in this case asserted ownership of a prescriptive easement over a road, a parking area and a boat launch located on the property owned by Plaintiff Issaquena and Warren County Land Company, LLC ("IWCLC") and allegedly used by Paw Paw's predecessors in title. In that same action, the Warren County Defendants asserted that the same road was a public road. On September 12, 2008, the Chancery Court determined that the Paw Paw Defendants did not have a prescriptive easement and that the portion of the road on IWCLC property was not public.

On September 15, 2009, this Court stayed this matter by Order [488] in deference to a determination by the Mississippi Supreme Court on the appeals filed by Paw Paw and Warren County Defendants. In a unanimous decision dated November 10, 2010, the Mississippi Supreme Court affirmed the Chancellor's findings. *Paw Paw Island Land, Co. v. Issaquena & Warren Cntys. Land Co.*, 917 So. 3d 916 (Miss. 2010), *reh'g denied,* Feb. 3, 2011.

A hearing was held on September 7, 2011, before Judges Bramlette and Roper , wherein the parties were asked to present and argue their relative positions regarding pending  discovery and dispositive motions.  On December 7, 2011, the District Court entered an Order [540] ruling on these various motions. Among its findings, the Court granted Defendant Paw Paw Island Land Co.'s Motions to Supplement or Amend Pleadings [493] and Second Motion to Amend Pleadings [534] allowing it to bring several new claims: (1) a right to easement by necessity, (2) a right to private condemnation of a permanent easement over a private road, and (3) an affirmative defense based on the *Noerr-Pennington* Doctrine. However, in its ruling, the Court noted that granting these motions in no way precluded the Plaintiffs from asserting any defenses regarding jurisdiction, res judicata, statute of limitations, comity or any other relevant issue with regard to these new claims.

On December 14, 2011, Defendant Paw Paw Island Land Co. Filed its First Amended Answer and Counterclaim [542] asserting both the easement by necessity and private condemnation counterclaims. On that same date, Defendant Lindigrin filed his First Amended Answer and Counterclaim [541] asserting his *Noerr-Pennington* doctrine counterclaim. The Plaintiffs filed their Answer [551] to these filings on January 6, 2012.

On December 14, 2011, Defendant Paw Paw Island Land Co. Filed a Motion to Amend First Amended Answer and Counterclaim[543] to include two additional counts of easement by express grant

and easement by prior use or quasi-easement. After full briefing, that Motion was granted on February 29, 2012.

Because all motions by Defendants with regard to discovery and to amend their answer and counterclaims have now been resolved, this matter is in a posture for the Plaintiffs to bring forth those defenses to the new claims reserved to them in this Court's Order [540]. Thus, the Plaintiffs are directed to raise these defenses by a dispositive motion within twenty-one days from this date. It is the desire of the Court to resolve the entire case as soon as possible. This Order seeks to expedite this process.

SO ORDERED, this the ___5th___ day of March, 2012.

                                                                       s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE