```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION


ISSAQUENA AND WARREN COUNTIES LAND
COMPANY, LLC, ET AL.                              PLAINTIFFS/
                                           COUNTER-DEFENDANTS

VS.                      CIVIL ACTION NO. 5:07-cv-106(DCB)(JMR)

WARREN COUNTY, MISSISSIPPI BOARD
OF SUPERVISORS, ET AL.                             DEFENDANTS/
                                            COUNTER-PLAINTIFFS
```

ORDER

This cause is before the Court on the plaintiffs/counter-defendants' motion to reopen discovery **(docket entry 573)** and the plaintiffs/counter-defendants' motion to clarify **(docket entry 608)**. On October 22, 2012, the Court held a hearing in this matter with regard to these motions, and now finds as follows:

On April 4, 2012, Chief Magistrate Judge Roper held a status conference at the request of the defendants. During the conference, the plaintiffs asserted that they needed to conduct discovery related to the Warren County defendants' assertion of the Noerr-Pennington defense to the plaintiffs' RICO claims and claims under 42 U.S.C. § 1983. (The Warren County defendants had previously filed a motion for summary judgment on the RICO claims and claims under § 1983 - see docket entry 495).

In light of the Warren County defendants' motion for summary judgment, and in anticipation of a similar motion to be filed by Paw Paw, Magistrate Judge Roper ordered that (1) Paw Paw would have

until April 20, 2012, to file its motion for summary judgment (an extension of time was subsequently granted and Paw Paw's motion was filed on April 27, 2012); and (2) should plaintiffs seek discovery regarding their Noerr-Pennington defense, they would have until April 13, 2012, to file a Rule 56(d) motion to obtain specific discovery needed for that defense.  (Minute Entry Order of April 4, 2012).

On April 13, 2012, instead of filing a Rule 56(d) motion, the plaintiffs filed a motion to reopen discovery (docket entry 573) pursuant to Rule 16(b)(4) (docket entry 573), seeking a more general opening of discovery, including (1) an expanded 30(b)(6) deposition of Warren County, Mississippi; depositions of John McKee "and two others with knowledge relevant to the amendment and/or enforcement of the Warren County Subdivision Ordinance in place on April 14, 2003;" and "[f]ive interrogatories and five requests for production to each of the following defendants: Warren County, Mississippi, Richard Johnson, Richard George, Paw Paw Island Land Co., Inc. and John Lindigrin." (Motion to Reopen Discovery, p. 4).

The defendants responded to the plaintiffs' motion, asserting that the plaintiffs did not meet the requirements of Rule 56(d). In addition, on July 19, 2012, defendant Warren County moved to strike the plaintiffs' re-notice of the Rule 30(b)(6) deposition (docket entry 601).  Magistrate Judge Roper granted the motion to strike on August 24, 2012 (docket entry 607), finding that the

plaintiffs did not specifically seek to expand or change the subject matter of the Rule 30(b)(6) deposition during the April 4, 2012, conference, or in their April 13, 2012, motion to reopen discovery.

The plaintiffs filed a motion to clarify their motion to reopen discovery on August 28, 2012 (docket entry 608). In this motion, the plaintiffs "seek to clarify their intent to request an expansion of the Rule 30(b)(6) deposition of Warren County to include certain designations relevant to the Noerr-Pennington defense." Motion to Clarify, p. 1. The plaintiffs seek to expand the scope of the 30(b)(6) deposition in order to:

> (1) identify all bas[e]s for Defendants' actions at issue in the case; (2) discover information or evidence that could lead [] a juror to conclude that Defendants had no objectively reasonable hope of success on the merits in pursuing these actions and/or (3) discover information or evidence that could lead a juror to conclude that Defendants' purpose in these actions was something other than the relief requested.

Motion to Clarify, p. 3.

Specifically, the plaintiffs seek permission to include the following designations in the re-notice of the deposition:

> a. All facts and circumstances surrounding the amendment of the Warren County Subdivision Ordinance on October, 2004 including but not limited to the specific changes made in the amendment, the reason for those changes, all statements made to and/or published by the press about the amendment, any and all public hearings pertaining to the amendment and any changes in enforcement of said ordinance by Warren County, Mississippi as a result of the amendment.
>
> b. The basis for Warren County, Mississippi's claim that

    the portion of Paw Paw Road beyond its initial .13 miles was public as asserted in <u>Warren County, Mississippi vs. Issaquena and Warren Counties Land Co., LLC, et al.</u>; In the County Court of Warren County, Mississippi; Cause No. 2005-0449-CO and in the counterclaim filed in <u>Warren County, Mississippi vs. Issaquena and Warren Counties Land Co., LLC, et al.</u>; In the County Court of Warren County, Mississippi; Cause No. 2005-0449-CO.

    c. Any and all policies and/or procedures followed and/or adopted by Warren County, Mississippi relative to enforcement of and/or prosecution for violations of the Warren County Subdivision and/or Warren County Flood Plain Management Ordinances. (Included in original notice of May 13, 2009 – Docket 288).

    d. Other than the proceedings instituted against Issaquena and Warren Counties Land Company, LLC and/or members thereof, every instance in the five years prior to May 13, 2009 wherein Warren County, Mississippi pursued criminal and/or civil enforcement of the Warren County Subdivision Ordinance and/or Warren County Flood Plain Management Ordinance. (Included in original notice of May 13, 2009 – Docket 288).

Motion to Clarify, pp. 2-3.

After hearing oral arguments of counsel at the October 22 hearing, and having carefully considered the motions and responses, the Court finds as follows:

The plaintiffs shall be allowed additional discovery on matters relating to the defendants' <u>Noerr-Pennington</u> defense, but only to the extent that their motion to reopen discovery (docket entry 573) and motion to clarify (docket entry 608) can be said to satisfy the requirements of Rule 56(d).  Therefore, the plaintiffs shall be allowed to amend their 30(b)(6) notice of deposition to include designations (a) through (d) in the motion to clarify.  As for the motion to reopen discovery, the specificity required by

Rule 56(d) is not met except as to one deposition, i.e., the "deposition[] of John McKee ... [concerning his] knowledge relevant to the amendment and/or enforcement of the Warren County Subdivision Ordinance in place on April 14, 2003."

Accordingly,

IT IS HEREBY ORDERED that plaintiffs/counter-defendants' motion to clarify **(docket entry 608)** is GRANTED, and the plaintiffs/counter-defendants are allowed to amend their 30(b)(6) notice of deposition to include the following designations:

(a) All facts and circumstances surrounding the amendment of the Warren County Subdivision Ordinance on October, 2004 including but not limited to the specific changes made in the amendment, the reason for those changes, all statements made to and/or published by the press about the amendment, any and all public hearings pertaining to the amendment, and any changes in enforcement of said ordinance by Warren County, Mississippi as a result of the amendment;

(b) The basis for Warren County, Mississippi's claim that the portion of Paw Paw Road beyond its initial .13 miles was public as asserted in Warren County, Mississippi vs. Issaquena and Warren Counties Land Co., LLC, et al. in the County Court of Warren County, Mississippi, Cause No. 2005-0449-CO; and in the counterclaim filed in Warren County, Mississippi vs. Issaquena and Warren Counties Land Co., LLC, et al., in the County Court of

Warren County, Mississippi, Cause No. 2005-0449-CO.

(c) Any and all policies and/or procedures followed and/or adopted by Warren County, Mississippi relative to enforcement of and/or prosecution for violations of the Warren County Subdivision and/or Warren County Flood Plain Management Ordinances. (Included in original notice of May 13, 2009 – Docket 288).

(d) Other than the proceedings instituted against Issaquena and Warren Counties Land Company, LLC and/or members thereof, every instance in the five years prior to May 13, 2009 wherein Warren County, Mississippi pursued criminal and/or civil enforcement of the Warren County Subdivision Ordinance and/or Warren County Flood Plain Management Ordinance. (Included in original notice of May 13, 2009 – Docket 288);

FURTHER ORDERED that the plaintiffs/counter-defendants' motion to reopen discovery **(docket entry 573)** is GRANTED IN PART to allow the deposition of John McKee concerning his knowledge relevant to the amendment and/or enforcement of the Warren County Subdivision Ordinance in place on April 14, 2003; GRANTED IN PART as to the 30(b)(6) deposition, but only as set forth in paragraphs (a) through (d) above; and DENIED IN PART as to all other discovery requested therein;

FURTHER ORDERED that the plaintiffs must notice the depositions promptly and forthwith, and all preparations must be taken so that if the parties are unable to reach a settlement

agreement at the settlement conference set for November 7, 2012, the 30(b)(6) deposition will proceed to take place on or prior to November 15, 2012.  All parties shall supplement their pending dispositive motions, responses and briefs on or prior to November 26, 2012.

SO ORDERED, this the 26th day of October, 2012.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE